NO. 07-00-0461-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



FEBRUARY 26, 2002



______________________________




JOSE ZUNIGA, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 106TH DISTRICT COURT OF LYNN COUNTY;



NO. 98-2419; HONORABLE GENE DULANEY, JUDGE



_______________________________



Before QUINN and REAVIS and JOHNSON, JJ.

ORDER ON APPELLANT'S SECOND AMENDED MOTION FOR BAIL


 By opinion dated November 19, 2001, this Court reversed appellant's conviction for
manslaughter and remanded the cause to the trial court for new trial, and the State's
motion for rehearing has been overruled. Pending before this Court is appellant's second
amended motion for bail filed pursuant to article 44.04(h) of the Texas Code of Criminal
Procedure Annotated (Vernon Pamph. Supp. 2002), by which appellant requests that
reasonable bail be set. 

 It appearing to the Court that the amended motion for bail is in proper form and in
compliance with article 44.04(h), and that appellant is entitled to the relief requested, the
Court sets the amount of the bail at $50,000.00, conditioned as the law requires, provided
however, the sureties on the bail shall be approved by the presiding judge of the 106th
Judicial District Court of Lynn County.

 It is so ordered.

 Per Curiam

Do not publish.



ments of guilt
or other appealable orders. See Tex. R. App. P. 25.2(a)(2). We requested a response
showing why the appeal should not be dismissed for want of jurisdiction.

 The only response we have received is a "Motion for Docketing Statement" filed
August 2, 2004. This document seeks to provide the information required by Rule of
Appellate Procedure 32.2. Unlike the matters raised in our July 23, 2004 letter, the failure
to file a docketing statement does not affect our jurisdiction. See Tex. R. App. P. 32.4. 
Steptoe's response fails to provide any basis on which we can find we have jurisdiction
over his appeal. To be timely, a notice of appeal must be filed within 30 days after the day
sentence is imposed unless a timely motion for new trial is filed, in which case appeal must
be perfected within 90 days after the imposition of sentence. Tex. R. App. P. 26.2(a). (1) A
motion for new trial must be filed no later than 30 days after imposition of the sentence. 
Tex. R. App. P. 21.4. In the absence of jurisdiction we can take no action other than to
dismiss the appeal. Slaton, 981 S.W.2d at 210. Lacking jurisdiction over the appeal, we
dismiss it.


 Per Curiam





Do not publish.


1. The same deadlines applied under former Rule 41(b)(1) applicable at the time of
appellant's conviction.